Entered on Docket
March 28, 2014
EDWARD J. EMMONS, CLERK
U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

Signed and Filed: March 27, 2014

_____
**DENNIS MONTALI**
**U.S. Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

```
In re                              ) Bankruptcy Case
                                   ) No. 13-30195DM
LABORATORY SKIN CARE, INC.,        )
                                   ) Chapter 11
                      Debtor.      )
_____)
```

MEMORANDUM DECISION ON REQUEST FOR ALLOWANCE
OF ADMINISTRATIVE EXPENSES

On February 21, 2014, this court held a hearing on Zari Mansouri's request for payment of an administrative expense claim totaling more than $245,000. Tracy Hope Davis, the United States Trustee ("UST"), objected to the request. Richard A. Lapping, Esq., appeared on behalf of Ms. Mansouri; Julie M. Glosson, Esq., appeared on behalf of the UST. For the reasons set forth below, the Court will approve and allow as an administrative claim under 11 U.S.C. § 503(b)(3) and (4) all of Ms. Mansouri's request, subject to her filing a supplemental declaration regarding one aspect of her request.

Ms. Mansouri's request consists of three parts: (1) a claim in the amount of $10,187 for cash advanced by her to Debtor (the "Cash Advance Claim"); (2) a claim in the amount of $20,000 for

her unpaid postpetition salary for February 2013 (the "Salary Claim"); and (3) a claim for $215,150.00 in attorneys' fees and $1,128.49 in attorney expenses incurred by her by Mr. Lapping in proposing and confirming a plan of reorganization in this case ("Attorney Fee Claim").

Ms. Mansouri's Cash Advance Claim arises from a mistaken deposit of her personal funds ($40,000) from the sale of a boat into Debtor's account. Ms. Mansouri has filed declarations indicating that, without her knowledge, an employee incorrectly deposited her personal funds into the Debtor's Debtor-in-Possession account in February 2012, and that she spent a little more than $34,000 of that amount on her personal expenses between February 20, 2013, and March 17, 2013. *See, e.g.,* Declaration of Ms. Mansouri filed on August 30, 2012 at Docket 98 in her personal case (13-30617). As of March 17, 2013, $5,187 of her personal funds remained in Debtor's account, and Ms. Mansouri seeks, and is entitled to reimbursement of that amount.

The court has more difficulty with Ms. Mansouri's attempt to recover the additional amount of $5,000 which she improperly caused Debtor to pay to her former counsel (PivotPoint). In May 2013, however, PivotPoint properly returned the $5,000 to Mr. James Lowe, the chapter 11 trustee, and that amount was "recognized" in Debtor's accounting records as an advance from Ms. Mansouri. While Pivot Point may have a claim in Ms. Mansouri's case (about which the court expresses no opinion), the returned funds were plainly Ms. Mansouri's and not Debtor's. Therefore,

-2-

Case: 13-30195    Doc# 376    Filed: 03/27/14    Entered: 03/28/14 12:52:01    Page 2 of 5

the court will permit Ms. Mansouri to recover the $5,000.

The UST's objections to the Cash Advance Claim are not persuasive. Ms. Mansouri did not intend to loan the mistaken deposit her agent made and thus she did not fail to obtain an order to make a loan nor fail to make a meaningful disclosure of this situation.

As stated at the hearing on February 21, 2014, the court is inclined to allow the Salary Claim. That said, the court is puzzled by Ms. Mansouri's statement in her declaration opposing conversion or dismissal of her individual case (Case No. 13-30617 at Docket No. 98) that as of February 11, 2013, she "was not drawing a salary from Laboratory Skin Care." The court assumes she meant that she was not being paid because funds were not available. If, however, she was "not drawing a salary at that time" because she had agreed to an adjustment or forbearance or because she would not have otherwise received that salary in the ordinary course of business, retroactive allowance of the Salary Claim would not be appropriate.

The court hereby directs Ms. Mansouri to file a supplemental declaration confirming that she was not "drawing a salary" because of inadequate funds or she had agreed to defer (but not waive) her salary, if either is the case. If she cannot so attest, then the Salary Claim will be disallowed.

The UST's complaint that this portion of Ms. Mansouri's wages were not actual or necessary is also not persuasive. Her salary level, while high, was not an issue in the case and if and when

Case: 13-30195    Doc# 376    Filed: 03/27/14    Entered: 03/28/14 12:52:01    Page 3 of 5

Ms. Mansouri files the required declaration, that will be sufficient to resolve this matter.

Finally, the court will allow the Attorney Fee Claim for the fees of her counsel for successfully preparing and prosecuting a plan of reorganization in this hotly-contested case. The court finds that while Ms. Mansouri benefitted from Mr. Lapping's services, any such benefit "is outweighed by the extent of the benefit those efforts conferred on the estate," particularly when Ms. Mansouri is funding the plan in part. *Cellular 101, Inc. v. Channel Comm'ns, Inc. (In re Cellular 101, Inc.)*, 377 F.3d 1092, 1096 (9th Cir. 2004) (affirming an a decision awarding an administrative claim under section 503(b)(3) to creditors who successfully proposed and obtained confirmation of a plan, even though the creditors there did not fund the plan). The Debtor's Plan was confirmed despite the unusual situation of a debtor not in possession and despite vigorous opposition that threatened confirmation that was resolved, in part, through the efforts of Mr. Lapping. Clearly the interests of creditors of the Debtor were well-served by this outcome. The Attorney Fee Claim is thus allowed in its entirety. Even though Mr. Lapping is not the moving party, the court directs that the Attorney Fee Claim funds be remitted directly to him.

Mr. Lapping should upload an order consistent with this memorandum decision allowing the Cash Advance Claim in full, allowing the Attorney Fee Claim in full and allowing the Salary Claim in full, but only if Ms. Mansouri concurrently files the

-4-

supplemental declaration referred to above.  The order should state that the relief is being granted "for the reasons set forth in the court's Memorandum Decision on Request for Allowance Of Administrative Expenses" of this date.  He should serve the proposed form of order on Ms. Glosson in accordance with B.L.R. 9021-1(c).

* * * END OF MEMORANDUM DECISION * * *